IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CASE NO. 3:18-cv-672

| | |
|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DIONTE M. LONG, BERNADETTE L. LIGHTNER, | ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT FOR INTERPLEADER

Plaintiff Midland National Life Insurance Company ("Midland"), by its attorneys, Fox Rothschild LLP, and for its Complaint for Interpleader, states as follows:

## PARTIES

1. Midland is an insurance company duly organized and existing under the laws of Iowa, with its principal place of business located in West Des Moines, Iowa, and is a citizen of the State of Iowa pursuant to 28 U.S.C. § 1332(c)(1).

2. Upon information and belief, Defendant Dionte M. Long is an individual and a resident and citizen of Charlotte, North Carolina.

3. Upon information and belief, Defendant Bernadette L. Lightner is an individual and a resident and citizen of Charlotte, North Carolina.

## JURISDICTION AND VENUE

4. This is an action in interpleader brought pursuant to 28 U.S.C. § 1332 and Fed. R. Civ. P. 22 concerning the rights and obligations of the parties pursuant to a Temporary Life Insurance Agreement ("TLIA") between Midland and Marcella L. Thrash, insuring the life of Marcella L.

1

Thrash, with a death benefit of $250,000. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the amount in controversy is in excess of $75,000.

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391 in that this is a civil action and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## CLAIM FOR RELIEF IN INTERPLEADER

6. Marcella L. Thrash applied for a life insurance policy, through Midland, on March 17, 2017.

7. The application named Marcella L. Thrash as the owner of the policy.

8. Marcella L. Thrash was also to be the insured under the policy.

9. The policy was intended to provide a $250,000 death benefit on the life of Marcella L. Thrash.

10. Marcella L. Thrash designated the primary beneficiary of her insurance benefit under the policy as follows: Dionte M. Long (100%). (*See* designation of beneficiary attached hereto and incorporated herein as Exhibit 1).

11. Marcella L. Thrash designated the contingent beneficiary of her insurance benefit under the policy as follows: Bernadette L. Lightner (100%). (*See* Exhibit 1).

12. Marcella L. Thrash also executed a TLIA that would provide her with coverage during the time the TLIA was in effect. (*See* Temporary Life Insurance Agreement attached hereto and incorporated herein as Exhibit 2).

13. Marcella L. Thrash died on April 10, 2017, with immediate cause of death, "Stab Wound of the Neck," and Manner of Death, "Homicide." (*See* Certificate of Death of Marcella Lightner Thrash attached hereto and incorporated herein as Exhibit 3).

14. Upon information and belief, Defendant Dionte M. Long was charged with first-degree murder in the killing of Marcella L. Thrash and is currently being evaluated in a mental health facility to determine his competency for trial.

15. North Carolina law provides as follows:

> "Slayer means any of the following: (a) a person who, by a court of competent jurisdiction, is convicted as a principal or accessory before the fact of the willful and unlawful killing of another person; (b) a person who has entered a plea of guilty in open court as a principal or accessory before the fact of the willful and unlawful killing of another person; (c) a person who, upon indictment or information as a principal or accessory before the fact of the willful and unlawful killing of another person, has tendered a plea of nolo contendere which was accepted by the court and judgment entered thereon; (d) a person who is found by a preponderance of the evidence in a civil action brought within two years after the death of the decedent to have willfully and unlawfully killed the decedent or procured the killing of the decedent. If a criminal proceeding is brought against the person to establish the person's guilt as a principal or accessory before the fact of the willful and unlawful killing of the decedent within two years after the death of the decedent, the civil action may be brought within 90 days after a final determination is made by a court of competent jurisdiction in that criminal proceeding or within the original two years after the death of the decedent, whichever is later. The burden of proof in the civil action is on the party seeking to establish that the killing was willful and unlawful for the purposes of this Article . . . ."

N.C. Gen. Stat. § 31A-3.

16. North Carolina law further provides:

> "Insurance and annuity proceeds payable to the slayer: (1) as the beneficiary or assignee of any policy or certificate of insurance on the life of the decedent, or (2) in any other manner payable to the slayer by virtue of his surviving the decedent shall be paid to the person or persons who have been entitled thereto as if the slayer had predeceased the decedent. If no alternate beneficiary is named, insurance and annuity proceeds shall be paid into the estate of the decedent."

3

*Id.* § 31A-11.

17. Dionte M. Long and Bernadette L. Lightner, as potential beneficiaries of the proceeds of the TLIA, may each have a claim to and interest in the remaining proceeds of the TLIA, and said claims are adverse to and conflict with each other. By reason of these adverse and conflicting claims, Midland is unable to discharge its admitted liability under the TLIA without exposing itself to multiple litigation, liability, or both.

18. Midland is indifferent as to which of the claimants is entitled to the proceeds payable under the TLIA and is only interested in paying and discharging its admitted liability once; however, it has been unable to do so by reason of the adverse and conflicting claims of the Defendants and thus files this Complaint for Interpleader.

19. Contemporaneous with the filing of this Complaint for Interpleader, Midland will bring a motion for leave to deposit with the Clerk of the Court its admitted liability under the TLIA.

**WHEREFORE**, Midland National Life Insurance Company prays this Honorable Court enter an order or orders granting it the following relief:

A. Granting Midland National Life Insurance Company leave to deposit the proceeds payable under the TLIA with this honorable Court, or with the Clerk of this Court at the Court's direction, subject to further Order of this Court;

B. Enjoining Dionte M. Long and Bernadette L. Lightner, during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Midland National Life Insurance Company in any state or federal court or other forum with respect to proceeds payable pursuant to the TLIA, and on account of the death of Marcella L. Thrash, the insured, and that said injunction issue without bond or surety;

C. Granting judgment to Midland National Life Insurance Company with the finding that it has no further liability to Dionte M. Long or Bernadette L. Lightner, or to any person or entity claiming through them, for the proceeds payable under the TLIA, and on account of the death of Marcella L. Thrash;

D. Entering an Order finding that Midland National Life Insurance Company has acted in good faith by interpleading the proceeds payable under the TLIA and depositing its admitted liability with the Court;

E. Entering judgment in favor of Midland National Life Insurance Company, and against Dionte M. Long and Bernadette L. Lightner, on its Complaint for Interpleader with an express finding of finality pursuant to Fed. R. Civ. P. 54(b);

F. Excusing and dismissing Midland National Life Insurance Company from further attendance on this cause with prejudice and ordering the adverse claimants, Dionte M. Long and Bernadette L. Lightner, to litigate their claims and contentions to the proceeds payable under the TLIA, without further involving Midland National Life Insurance Company;

G. Awarding Midland National Life Insurance Company its actual court costs and attorneys' fees incurred in connection with prosecuting this Complaint for Interpleader, such fees and costs to be deducted from the amount deposited with the Court or to its Clerk; and

H. Granting Midland National Life Insurance Company such further and other relief as this Court deems just and appropriate.

Dated: **December 19, 2018.**

Respectfully submitted,

MIDLAND NATIONAL LIFE INSURANCE COMPANY,

By: /s/ Kip D. Nelson
   Kip D. Nelson
   N.C. State Bar No. 43848
   knelson@foxrothschild.com
   FOX ROTHSCHILD LLP
   300 N. Greene Street, Suite 1400
   Greensboro, NC 27401
   Telephone: (336) 378-5304
   Facsimile: (336) 433-7418